FILED
SUPERIOR COURT
OF GUAM

2024 JUN 19 PM 2: 15

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Case No. CF0127-22 |
| vs. | **DECISION AND ORDER** (Motion to Dismiss with Prejudice for Violation of Right to Speedy Trial) |
| SATINO PIUS ADDY, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje regarding Satino Pius Addy ("Defendant") Motion to Dismiss with Prejudice for Violation of His Right to a Speedy Trial ("Motion") filed on June 19, 2023. Defendant is represented by Attorney Rachel Taimanao-Ayuyu. The People of Guam filed no opposition to the Motion; however, the court must nevertheless consider the merits of the Motion.[1]

On April 11, 2024, the Court took the matter under advisement, without oral argument, pursuant to Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court. Having reviewed the record and the relevant law, the court now issues this Decision and Order **DENYING** Defendant's Motion to Dismiss with Prejudice for Violation of His Right to Speedy Trial.

---

[1] Where a motion is unopposed for failure of the non-moving party to file an opposition, *Petition of Quitigua v. Flores*, 2004 Guam 19 ¶ 27 requires trial courts to consider all applicable law, including cases and statutes which may be in opposition to the pending motion and which the non-moving party has the obligation to provide to the courts, unless it was made clear that the party had no intention of opposing the motion.

# BACKGROUND

On March 3, 2022, Defendant was charged with seventeen (17) felony charges, including special allegations of possession and use of a deadly weapon in the commission of a felony.[2] Indictment (March 3, 2022). On or about March 10, 2022, the Court appointed private defense attorneys to take on the case at hand; subsequently, however, the Court was met with repeated filings to withdraw. On or about January 31, 2023, Defendant was appointed his current attorney, Rachel Taimanao-Ayuyu.

On June 19, 2023, Defendant filed his Motion to Dismiss with Prejudice for Violation of His Right to Speedy Trial. Mot. to Dismiss with Prej. For Violation of Right to Speedy Trial and Mem. of Authorities (June 19, 2023). At the time of this Motion, Defendant had been incarcerated at the Department of Corrections for sixteen (16) months; and at the time of this writing, for twenty-eight (28) months. Defendant claims that he was prejudiced as a result of the delay because, at the time of the Motion, he had been incarcerated for more than a year; and, as of this writing, more than two years. *Id.* He claims that the delay was due to a systemic breakdown of the public defender system which is illustrated by the lack of private attorneys willing to accept court appointments for indigent defendants. *Id.*

---

[2] Defendant was charged with Second Degree Robbery (as a 2nd Degree Felony) Third Degree Robbery (as a 3rd Degree Felony) with a Special Allegation of Possession, Use of a Deadly Weapon in the Commission of a Felony; Second Degree Robbery (as a 2nd Degree Felony); Third Degree Robbery (as a 3rd Degree Felony) with a Special Allegation of Possession, Use of a Deadly Weapon in the Commission of a Felony; Second Degree Robbery (as a 2nd Degree Felony); Third Degree Robbery (as a 3rd Degree Felony); Theft (as a 2nd Degree Felony) with a Special Allegation, Possession or Use of a Deadly Weapon in the Commission of a Felony; Burglary to a Motor Vehicle (as a 3rd Degree Felony); Theft by Receiving a Motor Vehicle (as a 3rd Degree Felony); Second Degree Robbery (as a 2nd Degree Felony); Third Degree Robbery (as a 3rd Degree Felony); Terrorizing (as a 3rd Degree Felony) with a Special Allegation, Possession or Use of a Deadly Weapon in the Commission of a Felony; Second Degree Robbery (as a 2nd Degree Felony); Third Degree Robbery (as a 3rd Degree Felony); Two (2) counts of Terrorizing (as a 3rd Degree Felony) with a Special Allegation, Possession or Use of a Deadly Weapon in the Commission of a Felony; Attempted Second Degree Robbery (as a 2nd Degree Felony); and Attempted Third Degree Robbery (as a 3rd Degree Felony) with a Special Allegation, Possession or Use of a Deadly Weapon in the Commission of a Felony.

## DISCUSSION

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…" U.S. Const. amend. VI. The Organic Act of Guam applies this provision specifically to Guam. 48 U.S.C.A. § 1421b(u). The United States Supreme Court has put forth a four-part analysis for determining whether a Sixth Amendment speedy trial violation has occurred. This test instructs the examining court to consider the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

In *People v. Mendiola*, the Supreme Court of Guam held that:

> In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. *Mendiola*, 1999 Guam 8 ¶ 29 (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Further, assertion of the right is "entitled to strong evidentiary weight," though such assertion must be "viewed in light of defendant's other conduct." *Flores*, 2009 Guam 22 ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)).
>
> *People v. Mendiola*, 2015 Guam 26.

None of these factors standing alone is dispositive of whether a constitutional violation has occurred. *Flores*, 2009 Guam 22 ¶ 42. Rather, "the factors must be considered together and balanced in relation to all of the relevant circumstances of the delay in bringing the defendant to trial." *Id.* (citing *Barker*, 407 U.S. at 533).

### I.     The length of delay was substantial.

"The length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go

into balance." *Barker*, 407 U.S. at 530. The Supreme Court has not defined precise time intervals or a "bright line" test to determine when a delay is presumptively prejudicial. *Barker*, 407 U.S. 514 at 523. Moreover, whether a delay is presumptively prejudicial does not determine whether a delay is actually prejudicial. Thus, any prejudice requires an individual analysis and is based on the "peculiar facts and circumstances of each case." *People v. Flores*, 2009 Guam 22 ¶ 41.

Because there is no bright line test to determine whether a delay is presumptively prejudicial, the court has discretion to make this determination, taking into consideration the facts and circumstances of the case. The United States Supreme Court has ruled that the length of a delay becomes "presumptively prejudicial" as it approaches one year. *People v. Stephen*, 2009 Guam 8 ¶ 16 (citing *Doggett v. United States*, 505 U.S. 647 at 652). At the time of this Motion, Defendant's case has been pending for 16 months; and at the time of this writing, for 28 months. More alarmingly, the Defendant has been incarcerated for over two (2) years now. This delay is sufficient to warrant examination of the remaining *Barker* factors. Thus, this factor weighs in favor of dismissal.

## II. The reason for the delay is justified.

Closely related to length of delay is the reason the government assigns to justify the delay. *Barker*, 407 U.S. at 531. As with the length of delay, the reasons for an allegedly unconstitutional postponement must be assessed by the particular facts of each case. *United States v. Marion*, 404 U.S. 307 at 325. Due to no oppositions filed, the AG's office did not provide a reason explaining and justifying any pretrial delays.[3] Moreover, the AG's office has not made efforts to move this

---

[3] If a party does not intend to oppose, CVR 7.1(h) of the Local Rules of the Superior Court of Guam provides that "…any opposing party who does not intend to oppose the motion, shall, not later than seven (7) days after the date the last paper on that motion is filed, or the time for filing as elapsed, file and serve a notice of … non-opposition." However, the prosecutor also did not file a non-opposition.

case forward since January 2023. The court held three (3) hearings for further proceedings wherein the court alerted the parties that no opposition has been filed. Minute Entry (August 18, 2023; April 4, 2024; April 11, 2024). On April 4, 2024, the AG representative stated that they will look into the outstanding motion. Minute Entry (April 4, 2024). No opposition was filed by the next hearing, however, and as a result, the court took this matter under advisement. Minute Entry (April 11, 2024). Negligent delay is weighed less heavily against the government than deliberate delay, but nevertheless should be considered. *People v. Mendiola*, 2015 Guam 26 ¶ 3. Because the AG's office provides no explanation for its inaction in this case, the delay between the filing of this Motion and this Decision, which amounts to approximately 12 months, is attributed to the AG's office.

Additionally, Defendant argues that the delay between arraignment and the filing of this Motion, which amounts to approximately 10 months, was due to the withdrawals of the appointed attorneys, demonstrating a systemic breakdown in the public defender system. An attorney's inability or unwillingness to move the case forward may not be attributed to the State simply because they are assigned counsel. *Vermont v. Brillon*, 556 U.S. 81 at 93. Although delay resulting from a systemic breakdown in the public defender system could be attributed to the State, that is not the case here. The Court ultimately assigned counsel to the Defendant and their counsel has yet to withdraw from the case. It is also important to note that Defendant still has not asserted his right to a speedy trial and the clock has not started. Because Defendant has not asserted, it is even more difficult to determine whether Defendant actually wanted a speedy trial and was deprived of that right. Thus, considering the unique circumstances of this case, this factor weighs against dismissal.

### III. Defendant did not assert his right to a speedy trial.

Defendant asserted that *Barker* rejected, "the rule that a defendant who fails to demand a speedy trial forever waives his right." *Barker*, 407 I.S. 514 at 528. But the court cautioned that its rejection of the rule did not mean that a defendant has no responsibility to assert his right. *Id.* Defendant states that he was not able to speak to an attorney to assert or waive his right to a speedy trial following his arraignment. Defendant could have asserted or waived his right, however, as he was appointed his current attorney on January 31, 2023. Defendant had approximately five (5) months to assert his right prior to the filing of this Motion. To the court's knowledge, Defendant still has not asserted his right to a speedy trial. Assertion of the right is entitled to strong evidentiary weight. *Flores*, 2009 Guam 22 ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302 at 314.) Therefore, this factor strongly weighs against dismissal.

### IV. The delay was not prejudicial.

Whether defendant suffered prejudice as a result of the delay must be assessed in light of the interests the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Flores*, 2009 Guam 22 ¶ 49 (citing *Barker*, 407 U.S. at 532). Defendant asserts that he has suffered prejudice as he has been incarcerated for a substantial amount of time—two (2) years now—causing him anxiety and disrupting his life. Oppression, anxiety, and concern of a defendant incarcerated while awaiting trial are certainly present to some degree in every case. *Flores*, 2009 Guam 22 ¶ 50 (citing *Morris v. Wyrick*, 516 F.2d 1387 at 1391). Therefore, "evidence of a lengthy pre-trial incarceration standing alone, is insufficient to establish that a defendant's right to a speedy trial has been violated. *Id.* Similar to *Mendiola*, Defendant offered no explanation as to how his delay resulted in uniquely oppressive

incarceration conditions or anxiety beyond that faced by anyone accused of a serious crime. *Mendiola*, 2015 Guam 26 ¶ 4.

As to the third factor, Defendant argues he suffers the "most serious" type of prejudice due to his inability to adequately prepare his defense. Defendant states he lost precious time to prepare his defense including but not limited to obtaining "necessary defense services." As alluded to earlier, however, Defendant was appointed his current counsel on January 31, 2023, who is still representing him today. Moreover, Defendant never asserted his right to a speedy trial. Defendant could have asserted his right and then filed this motion. Thus, this factor weighs against dismissal.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss With Prejudice for Violation of Right to Speedy Trial.

A Further Proceedings hearing is set for _____June 27_____, 2024 at ___1:00___ P m.

SO ORDERED, this ___19___ day of ___June___ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, Rachel Tommno- Ayuyu
Date: 6/19/24 Time: 2:25
Crulerto
Deputy Clerk, Superior Court of Guam